# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BARTON WADE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LAWRENCEVILLE POLICE DEPARTMENT; GWINNETT COUNTY, GEORGIA; GWINNETT COUNTY POLICE DEPARTMENT; GWINNETT COUNTY SHERIFF'S OFFICE; OFFICER GARY SAMPSON, individually and in his official capacity; CHIEF TIM WALLIS, individually and in his official capacity; and OFFICER LB SMITH, individually and in his official capacity,<br><br>　　　　Defendants.<br>_____ | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW**, Plaintiff Barton Wade (hereinafter "Plaintiff," or "Mr. Wade"), by and through undersigned counsel, and brings this action against Lawrenceville Police Department, Gwinnett County, Georgia, Gwinnett County Police Department, Gwinnett County Sheriff's Office, Officer Gary Sampson (hereinafter "Defendant Sampson" or "Officer Sampson"), Chief Tim Wallis (hereinafter "Chief Wallis" or "Defendant Wallis"), and Officer LB Smith

1

(hereinafter "Officer LB Smith" or "Defendant Smith") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1.

This is a civil action asserting claims under Federal law arising from the unlawful arrest, detention, and prosecution of PLAINTIFF. PLAINTIFF also asserts pendant state law claims. PLAINTIFF demands a jury trial and seeks an award of economic, compensatory and punitive damages, as well as an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over all causes of action set forth in this Complaint based on 28 U.S.C. §1331 and 28 U.S.C. §1367.

3.

Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391(b) because all actions complained of occurred within the boundaries of this judicial district and all parties have their primary place of business within this district or reside in such.

4.

Plaintiff has provided timely ante litem notice to Defendants. (Please see ante litem notice attached hereto as Exhibit "A").

## THE PARTIES

5.

Plaintiff is a citizen of the State of Georgia and resides in the Northern District.

6.

Defendant Gwinnett County is a duly organized and existing governmental entity under the laws of the State of Georgia with the capacity to sue and be sued, and which upon information and belief operates the Gwinnett County Police Department, Gwinnett County Sheriff's Office which employs Defendant Smith and Lawrenceville Police Department which employs Defendants Sampson and Wallis.

7.

As fully set forth herein, Mr. Wade alleges that Gwinnett County is liable for the injuries he suffered as a result of the illegal actions of the individual Defendants, as policies and customs established by officials within the Gwinnett County Police Department, Gwinnett County Sheriff's Office, and Lawrenceville Police Department with final policy making authority on behalf of Gwinnett County were the moving force behind the constitutional violations alleged herein.

8.

Defendant Sampson was an officer in the Lawrenceville Police Department at the time of the events described in the complaint.  He is sued in his individual and official capacity.  At all times pertinent to this action, Defendant Sampson was acting under color of state law.

9.

Defendant Wallis was a chief in the Lawrenceville Police Department at the time of the events described in the complaint.  He is sued in his individual and official capacity.  At all times pertinent to this action, Defendant Wallis was acting under color of state law.

10.

Defendant Smith was an officer in the Gwinnett County Sheriff's Office at the time of the events described in the complaint.  He is sued in his individual and official capacity.  At all times pertinent to this action, Defendant Smith was acting under color of state law.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS**

11.

On or around August 2, 2019, Defendant Smith and the Gwinnett County Sheriff Office's Fugitive Unit began surveillance of Barton Wade's residence after Defendant Sampson and Defendant Wallis wrongfully accused Mr. Wade of impersonating an officer while he was at a nearby Publix Shopping Center.

12.

Specifically, Defendant Wallis, along with Defendant Sampson, harassed Mr. Wade in the Publix parking lot although Mr. Wade had committed no crime.  Mr. Wade informed Defendant Wallis and Defendant Sampson that he was moving, and he was asking local citizens if they needed a temporary job helping him pack and move. Mr. Wade advised Defendant Wallis and Sampson that he "knew his rights," because he was a federal police officer for the VA.

13.

Defendant Wallis and Defendant Sampson informed Mr. Wade that "it's an offense to impersonate a police officer" and warned him "not to hang around the parking lot again."  Defendant Sampson intentionally and falsely stated that Mr. Wade impersonated a police officer, filed an arrest application and had a warrant issued for Mr. Wade's arrest.

14.

When Mr. Wade returned to his home on August 2, 2019, The Fugitive Unit and Defendant Smith observed Mr. Wade parking a U-Haul truck in the driveway of his residence.  He was subsequently bum-rushed and surrounded by several officers who demanded he exit the U-Haul and keep his hands up.  As he stepped out of the U-Haul, an officer hit Mr. Wade in his back despite Mr. Wade's unfettered compliance with the officers' orders.

15.

A portion of Mr. Wade's spine is fused together with his neck. The excessive forced exhibited by the officers caused severe injury and pain to Mr. Wade's spinal fusion. Without any probable cause, Mr. Wade was falsely arrested for impersonating an officer. The handcuffs were placed so tightly on Mr. Wade that his wrists were cut and the blood stopped circulating in his hands.

16.

At the Gwinnett County Jail, Mr. Wade made his injuries, employment as a federal police officer, and status as a diabetic known to each staff member and officer he encountered. Nevertheless, Mr. Wade's status as an officer and injuries were never addressed or treated, and he was denied sustenance and medical attention.

17.

Mr. Wade was forced to serve over a day in the Gwinnett County Jail. During this time, his injuries were never treated, and he experienced severe mental anguish. At one point, Mr. Wade was removed from his solitary cell and into a cell with other inmates after an alarm in the jail went off. These inmates heard Mr. Wade inform staff members and officers that he was an officer. This placement jeopardized Mr. Wade's life and safety. Staff refused to release Mr. Wade even after he made them aware that the federal government could verify his status as a federal police officer for the Veteran's Affairs Hospital. (Please see Exhibit "B" attached hereto).

18.

In fact, Mr. Wade was not released until his wife was able to bail him out of jail.

19.

Mr. Wade subsequently sought treatment for his pain and injuries at Wellstar Douglas Hospital's emergency room shortly after his release. He complained of severe neck pain and wrist pain from the arresting officers use of excessive force.

20.

Treating doctors took an X-Ray of Mr. Wade's wrist and noted his pain and swelling. Treating doctors diagnosed Mr. Wade with cervical strain of his neck due to it being forced past its normal range of motion.

21.

Mr. Wade followed up with his primary doctor regarding the strain's impact on his neck fusion and began going to counseling to treat his mental and emotional suffering.

22.

The behavior of the Defendants was illegal and improper. As a result of such conduct, Mr. Wade has suffered great physical injuries and emotional distress.

23.

Defendants never checked with the Department of Veterans Affairs to verify Mr. Wade's employment as a Police Officer prior to arresting and imprisoning him.

24.

Gwinnett County had or should have had notice that Defendant Wallis, Defendant Sampson, Defendant Smith, and members of the Lawrenceville and Gwinnett County Police Departments and Gwinnett County Sheriff's Office had the propensity for such inappropriate behavior.

25.

Mr. Wade expended over $20,000.00 in attorney's fees, bail, and other related costs as a result of the unconstitutional actions of Defendants Wallis, Sampson, and Smith.

26.

Based on the facts that were available, known, or that should have been known to an objectively reasonable officer under the same circumstances, Defendants had no legal basis to stop, detain, and seize Plaintiff.

27.

Based on the facts that were available, known, or that should have been known to an objectively reasonable officer under the same circumstances, Defendants had no facts to support probable cause or arguable probable cause to believe that Plaintiff was impersonating an officer or making false statements.

### COUNT 1: FOURTH AMENDMENT 42 U.S.C. §1983 (FALSE ARREST) DEFENDANT WALLIS, SAMPSON, AND SMITH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

28.

Plaintiff realleges paragraphs 1 through 27 as fully set forth herein.

At all times relevant to this action, the individual Defendants were acting under color of state law and within the scope of their employment as officers of Gwinnett County.

29.

Based upon their prior experience, knowledge and training as a law enforcement officers, the individual Defendants knew that no arguable probable cause, much less probable cause, existed to detain and/or arrest Mr. Wade on or around August 2, 2019.

30.

Under the facts and circumstances alleged herein, including, inter alia:

a) Plaintiff violated no laws;
b) Plaintiff was a federal police officer at all times pertinent to the arrest;
c) Plaintiff indicated that he was a federal police officer and that evidence existed to support the same;
d) An objectively reasonable law enforcement officer in the individual Defendants' position would have known that no arguable probable cause existed to support arrest and detention of Mr. Wade.

31.

At all times relevant to this action, the law was established with obvious clarity that the individual Defendants' actions as fully set forth herein violated Mr. Wade's Fourth Amendment rights.

32.

As a direct and proximate cause of the individual Defendants' unlawful actions Mr. Wade was seized at his home and detained against his will and thereby suffered a loss of liberty in violation of his rights under the Fourth Amendment to the United States Constitution, entitling him to an award of actual and compensatory damages in an amount to be determined by the enlightened conscience of the jury.

33.

The actions of the individual Defendants described herein, including but not limited to, making willful misrepresentations to secure arrest warrants against Plaintiff, were willful, deliberate, and malicious, thereby entitling Mr. Wade to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

**COUNT II – VIOLATION OF 42 U.S.C. 1983 (GWINNETT COUNTY POLICY "MOVING FORCE" FOR CONSTITUTIONAL DEPRIVATIONS)**

34.

Plaintiff realleges paragraphs 1 through 33 as fully set forth herein.

35.

Gwinnett County, its employees and agents, acting within their authority and under color of state law, instituted and followed policy, procedures and/or customs which directly resulted in the unlawful seizure (manner and scope) and the arrest and subsequent prosecution of Mr. Wade for Impersonating an Officer which was the moving force causing his injuries and is actionable under 42 U.S.C. Section 1983 as a violation of the Fourth Amendment to the United States Constitution.

36.

Defendants Wallis, Sampson, and Smith were acting pursuant to the policy and direction as a, or of their, supervisors, final policy makers with decision making authority to stop, seize, and detain Mr. Wade for Impersonating an Officer without verifying his employment as a federal police officer.

37.

The above directions were ordered by the supervisors, final policy makers with decision making authority, regardless of whether probable cause existed or whether any reasonable and articulable grounds existed to stop the citizen.

38.

Furthermore, Gwinnett County failed to discipline Defendants Wallis, Sampson, or Smith after Plaintiff's charges for Impersonating an Officer were subsequently dismissed and/or dropped by the Gwinnett County DA due to the fact that Mr. Wade was in fact a federal police officer.

Gwinnett County has a widespread custom and practice of the following:

a) A policy of unreasonable seizures during detention of suspects, including the manner and scope of the detention;

b) A policy of failing to investigate the facts as known or as should be known to the officers in order to determine if there is probable cause to arrest;

c) A policy of arresting suspects without probable cause;

d) A policy of detaining suspects without reasonable suspicion;

e) A policy of instituting "cover charges" to insulate the County from liability for improper police use of force; and

f) Not investigating and disciplining officers who falsely arrest and/or detain individuals.

39.

Each of these policies have been the moving force and had the causal effect of violating the Constitution and leading to Plaintiff's injuries.

40.

Additionally, by failing to discipline Defendants for commencing a false arrest against Mr. Wade, the County has ratified the officer's decisions and their reasons for those decisions, thus constituting a policy, custom or practice.

41.

As a direct and proximate result of the willful and deliberate actions or inactions of the Defendants, Mr. Wade suffered monetary loss, physical injuries, and severe emotional and psychological distress.

42.

The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendants' willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff to be free from an unreasonable detention and false arrest as guaranteed by the Fourth Amendment to the United States Constitution.

## **COUNT III: MALICIOUS PROSECUTION (WALLIS, SAMPSON, AND SMITH IN THEIR OFFICIAL CAPACITIES)**

43.

Plaintiff realleges paragraphs 1 through 42 as fully set forth herein.

44.

At all times relevant to this action, the individual defendants were acting under color of state law and within the scope of their employment as officers of Gwinnett County.

45.

Mr. Wade's criminal prosecution was instituted by the individual Defendants through the issuance of an arrest warrant and subsequent arrest on or around August 2nd, 2019.

46.

Mr. Wade was seized and detained against his will by the individual Defendants with malice and without probable cause.

47.

Mr. Wade's criminal prosecution was terminated in his favor when the Department of Veterans Affairs confirmed his employment as a federal police officer.

48.

The individual Defendants knowingly and willfully instituted and maintained a criminal prosecution against Mr. Wade with malice and without probable cause.

49.

Under the facts and circumstances alleged herein, objectively reasonable law enforcement officers would have known that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

50.

At all times relevant to this action, the law was established with obvious clarity that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

51.

As a direct and proximate result of the Defendants' unlawful actions, Mr. Wade was seized and detained against his will and subjected to criminal prosecution in violation of his rights under the Fourth Amendments to the United States Constitution.

52.

As a direct and proximate cause of the Defendants' unlawful actions, Mr. Wade has and will continue to incur economic damages including lost wages, loss of economic

opportunity, as well as other economic damages in an exact amount to be proven at trial.

53.

As a direct and proximate cause of the Defendants' unlawful actions, including but not limited to fabricating evidence and falsifying statements, Mr. Wade has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

54.

The unlawful actions of the individual defendants, including but not limited to fabricating evidence and falsifying statements, were done willfully, deliberately, and maliciously, thereby entitling Mr. Wade to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

**COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANTS WALLIS, SAMPSON, AND SMITH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)**

55.

Plaintiff realleges paragraphs 1 through as if fully set forth herein.

56.

Maliciously arresting a citizen is behavior outside that tolerated by the norms of a civilized society, and the malicious arrest in this case directly caused extreme emotional distress to Mr. Wade.

57.

Detaining an individual without providing the most basic humane accommodations is behavior outside that tolerated by the norms of a civilized society, and the unlawful detention in this case was a direct cause of extreme emotional distress inflicted upon Mr. Wade.

58.

Knowingly instituting and maintaining a prosecution against an individual based on falsified statements and fabricated evidence is behavior outside that tolerated by the norms of a civilized society, and the same was a direct cause of extreme emotional distress inflicted upon Mr. Wade.

59.

As a result of Defendants' extreme and outrageous behavior, Mr. Wade has suffered mental anguish, embarrassment, and total humiliation.

### **COUNT V: FALSE IMPRISONMENT (DEFENDANTS WALLIS, SAMPSON, AND SMITH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)**

60.

Plaintiff realleges paragraphs 1 through 59 as fully set forth herein.

61.

As a result of the false arrest instituted by Defendants Wallis, Sampson, and Smith, Plaintiff was falsely imprisoned and unlawfully detained for a period of over a day during which he was deprived of his personal liberty.

62.

Plaintiff was arrested and detained without probable cause.

WHEREFORE, PLAINTIFF respectfully prays:

a) That special damages be awarded to compensate for his economic injuries as a consequence of the Defendants' violations of his rights in an amount to be determined by the enlightened conscious of the jury;

b) That compensatory damages be awarded against each of the Defendants individually to compensate Plaintiff for his mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of Defendants' actions in an amount to be determined by the enlightened conscious of the jury;

c) That punitive damages be awarded against Defendants Wallis, Sampson, and Smith in their individual capacities in an amount to be determined by the enlightened conscious of the jury to deter them and others from similar misconduct in the future;

d) That a trial by jury be had on all issues wherein a jury trial is permitted under law;

e) That attorney's fees and expenses of litigation be awarded as authorized under 42 U.S.C. §1988;

f) That prejudgment interest be awarded; and

g) That the Court award such other relief as the Court deems just and proper.

Respectfully submitted this 2nd day of August 2021.

/s/ *Taylor L. Leftwich*
Taylor L. Leftwich, Esq.
Attorney for Plaintiff
Georgia Bar No. 361588

Leftwich Law, LLC
3042 Matlock Drive
Kennesaw, GA 30144
T: 470-775-2937
F: 470-300-7743