**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BARTON WADE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL RIGHTS |
| v. | ) | 42 U.S.C. § 1983 |
| | ) | |
| LAWRENCEVILLE POLICE | ) | |
| DEPARTMENT; GWINNETT | ) | CIVIL ACTION NO. |
| COUNTY, GEORGIA; GWINNETT | ) | 1:21-CV-03122-MHC |
| COUNTY POLICE DEPARTMENT; | ) | |
| GWINNETT COUNTY SHERIFF'S | ) | |
| OFFICE; OFFICER GARY | ) | |
| SAMPSON, individually and in his | ) | |
| official capacity; CHIEF TIM | ) | |
| WALLIS, individually and in his | ) | |
| official capacity; and OFFICER LB | ) | |
| SMITH, individually and in his | ) | |
| official capacity, | ) | |
| | ) | |
|    Defendants. | ) | |

## DEFENDANTS GWINNETT COUNTY, GEORGIA AND OFFICER L.B. SMITH, AND PUTATIVE DEFENDANTS GWINNETT COUNTY POLICE DEPARTMENT AND GWINNETT COUNTY SHERIFF'S OFFICE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW Gwinnett County, Georgia (hereinafter the "County") Officer

L.B. Smith (hereinafter "Officer Smith") the Gwinnett County Police Department

and the Gwinnett County Sheriff's Office (hereinafter the "Gwinnett Defendants") by and through counsel, and pursuant to Federal Rules of Civil Procedure (hereinafter "Rule") 7(b) and 12(b)(6), submit this memorandum of law in support of their motion to dismiss Plaintiffs' Complaint in lieu of an answer and affirmative defenses to the Complaint and show as follows:

## I.   STATEMENT OF RELEVANT FACTS

On or about August 1, 2019, Lawrenceville Police Department Officer Sampson swore out an arrest warrant for Plaintiff for impersonating a police officer. The warrant was signed by a judge. *Complaint*, ¶¶ 11-13.

On August 2, 2019, Officer Smith served the warrant and arrested Plaintiff. *Complaint*, ¶ 14.  The Gwinnett County District Attorney's Office dismissed the charge of impersonating a police officer. *Complaint*, ¶ 47.  Plaintiff filed this lawsuit against Defendants, alleging liability for false arrest, malicious prosecution, false imprisonment, and intentional infliction of emotional distress. *See, Complaint, generally*.   In addition, Plaintiff alleges that the Gwinnett Defendants are liable for a Fourth Amendment false arrest claim pursuant to 42 U.S.C.A. § 1983. *Complaint*, ¶¶ 29-42.

2

## II.      ARGUMENT AND CITATION OF AUTHORITY

### A.    Legal Standard for Motion to Dismiss

Rule 12(b)(6) states that a party may assert the defense of failure to state a claim upon which relief can be granted by motion, and this motion must be made before pleading when a responsive pleading is allowed.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Twombly, 550 U.S. at 557.  Mere legal conclusions in a complaint should not be considered as true.  Id. at 678.

### B.    Officer L.B. Smith is Not Liable for Plaintiff's State Law Claims

Officer Smith is immune from liability for all state law torts alleged in the Complaint, both in his official and individual capacities.  Even if he were not entitled to such immunity, Plaintiff's state law torts of false arrest, malicious prosecution, intentional infliction of emotional distress and false imprisonment should be dismissed as a matter of law.

### i. Sovereign Immunity Bars Plaintiff's Claims Against Officer Smith in his Official Capacity

"The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit." Watts v. City of Dillard, 294 Ga. App. 861, 862 (2008). "Any suit against the State barred by sovereign immunity is subject to dismissal pursuant to O.C.G.A. § 9-11-12(b)(1) for lack of subject matter jurisdiction." Dept. of Pub. Safety v. Johnson, 343 Ga. App. 22, 23 (2017). "County officers sued in their official capacities – since a suit against a county officer in [his] official capacity is a suit against the county itself – enjoy the same sovereign immunity." Conway v. Jones, 353 Ga. App. 110 (2020), citing Layer v. Barrow County, 297 Ga. 871 (2015). Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and therefore, whether a county or its employee has waived its sovereign immunity is a threshold issue. McCobb v. Clayton County, 309 Ga. App. 217, 217-218 (2011).

Sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Conway, supra, 353 Ga. App at 112. See also Ratliff v.

McDonald, 326 Ga. App. 306, 309 (2014). Any waiver of sovereign immunity must be established by the party seeking to benefit from that waiver. Young v. Johnson, 359 Ga. App.769, 771 (2021); Ratliff, supra.  Here, as no waiver exists, Officer Smith in his official capacity is entitled to dismissal of this suit against him for lack of subject matter jurisdiction. Johnson, supra.

### ii.   Official Immunity Bars Plaintiff's Claims Against Officer Smith in his Individual Capacity

As a law enforcement officer, Officer Smith is entitled to official immunity for Plaintiff's state law claims against him in his individual capacity.  Reed v. DeKalb County 264 Ga. App. 83 (2003); Gilbert v. Richardson, 264 Ga. 744, 750 (1994). Official immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without willfulness, malice or corruption." Teston v. Collins, 217 Ga. App. 829, 830 (1995).

Although official immunity does not apply to purely ministerial duties, public officials are immune from individual liability for discretionary acts undertaken in the course of their duties and performed without willfulness, malice, or corruption. Schmidt v. Adams, 211 Ga. App. 156 (1993). Whether a duty is ministerial or

discretionary turns on the character of the specific act itself. Id. at 157. Unlike a ministerial act, a discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Daley v. Clark , 282 Ga. App. 235, 237 (2006).

A law enforcement officer making an arrest is engaged in a discretionary function, entitling the officer to official immunity from liability.  Rodriguez v. Kraus, 275 Ga. App. 118, 119 (2005);  Anderson v. Cobb, 258 Ga. App. 159, 160 (2002).  Because making an arrest is a discretionary act within the scope of the officer's official functions, a defendant is insulated from suit unless there is evidence that he acted with actual malice or intent to injure.  Patrick v. Andrews, 356 Ga. App. 801, 805 (2020), citing  Selvy v. Morrison, 292 Ga. App. 702, 704-706 (2008) ("a deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiff"; "[e]vidence demonstrating frustration, irritation, and possibly even anger is not sufficient to penetrate official immunity, nor is proof of ill will, unless the ill will is combined with the intent to do something wrongful or illegal.")

In the context of official immunity, "actual malice" means a deliberate intent to do wrong.  <u>Merrow v. Hawkins</u>, 266 Ga. 390, 392 (1996).  To show malice, Plaintiff must be able to show that "at the time of the prosecution...[defendants] could have had no reasonable grounds for believing [plaintiff] to be guilty of the charge brought." <u>Kelly v. Serna,</u> 87 F.3d 1235, 1241 (11th Cir.1996).

"Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others." <u>Selvy</u>, <u>supra</u> (holding also that poor judgment and rude behavior does not constitute actual malice).  <u>See</u> <u>Bashir v. Rockdale Cty.</u>, 445 F.3d 1323, 1333 (11th Cir. 2006) (holding that although sheriff's deputies acted unreasonably and violated plaintiff's Fourth Amendment rights in arresting plaintiff after their warrantless entry into his home, deputies were entitled to official immunity under Georgia law on state law claims because plaintiff failed to demonstrate that the deputies possessed a deliberate intention to do wrong sufficient to satisfy the actual malice standard).

Neither does unreasonable conduct support an inference of actual malice. <u>Bashir</u>, <u>supra</u>. Even reckless disregard for the safety or rights of others does not rise to the level of actual malice. <u>Daley v. Clark,</u> 282 Ga. App. 235, 247 (2006) (holding that conduct displaying a reckless disregard for human life, such as

actively hindering efforts to assist a high school student who suffered cardiac arrest during a fight, does not support a finding of actual malice).  The record is void of any evidence of actual malice or intent to injure, and Officer Smith is entitled to official immunity from all of Plaintiff's state law claims.

### iii.    Plaintiff's False Arrest Claim Against Officer Smith Should Be Dismissed

The elements of a false arrest claim are: (1) an arrest under the process of law, (2) without probable cause, and (3) made maliciously. Desmond v. Troncalli Mitsubishi, et al., 243 Ga. App. 71, 74-75 (2000); O.C.G.A. § 51–7–1.

Probable cause is absent "when the circumstances would satisfy a reasonable person that the accuser had no ground for proceeding except a desire to injure the accused." Thompson v. Howard Bros., Inc., 289 Ga. App. 273, 274 (2008).  Malice consists of: (1) personal spite, or (2) "general disregard of the right consideration of mankind, directed by chance against the individual injured." Desmond, supra.

To prevail against Officer Smith, Plaintiff must be able to show *both* that Smith acted maliciously and without probable cause. This Plaintiff cannot do. Plaintiff cannot point to any evidence that Officer Smith acted with malice in arresting Plaintiff for impersonating a police officer. Where, as here, the record

8

contains no evidence of malice or intent to injure, no liability attaches to Officer Smith's exercise of his lawful discretion.  See Todd v. Kelly, 244 Ga. App. 404, 407 (2000).  As Plaintiff cannot satisfy either the probable cause or malice requirements, his false arrest claim against Officer Smith should be dismissed.

## C. **Plaintiff's State Law Claims Against the County And Officer Smith Should Be Dismissed**

### i.   **Plaintiff's Malicious Prosecution Claim Should Be Dismissed**

The elements of a claim for malicious prosecution are (1) a criminal prosecution instituted or continued by the defendant; (2) with malice and without probable cause; (3) that terminated in plaintiff's favor; and (4) damages.  Brown v. GeorgiaCarry Org., Inc., 331 Ga. App. 890, 892 (2015).  Malicious prosecution claims are disfavored under Georgia law.  McClelland v. Courson's 441 South Station Inc., 248 Ga. App. 170, 171 (2001); O.C.G.A. § 51–7–40.

In this case, Plaintiff was arrested for impersonating a police officer, and the criminal case was terminated in his favor.  Where, as here, the warrant is dismissed or not followed up, the remedy is for false arrest rather than malicious prosecution. "The distinction is important because malicious prosecution and [false] arrest are mutually exclusive; if one right of action exists, the other does not." Stephens v.

9

<u>Zimmerman</u>, 333 Ga. App. 586, 590 (2015).  Here, Plaintiff has no basis for a malicious prosecution claim, as he was not prosecuted for impersonating a police officer.

### ii.     Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed

The elements of a cause of action for intentional infliction of emotional distress (hereinafter "IIED") are (1) intentional or reckless conduct; (2) that is extreme and outrageous; (3) a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress.  <u>Renton v. Watson</u>, 319 Ga. App. 896, 903 (2013).  Courts have only found liability where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. <u>Id</u>.

The "burden that a plaintiff must meet in order to prevail on [an IIED] claim is a stringent one." <u>Monsrud v. Regenerative Orthopaedics and Spine Institute</u>, 2020 WL 12654451 at *9 (N. Dist. Ga. 2020) citing <u>Soloski v. Adams</u>, 600 F. Supp. 2d 1276, 1371 (N.D. Ga. 2009). Indeed, formulaic recitations of the elements of the IIED claim fall short of meeting the relevant pleading standard. "The law intervenes

10

only where the distress inflicted is so severe that no reasonable person could be expected to endure it." <u>Southland Propane, Inc. v. McWhorter</u>, 312 Ga. App. 812, 819 (2011).

Plaintiff can point to no evidence of any extreme or outrageous conduct in this case.  Instead, Officer Smith simply served an arrest warrant, signed by a judge, on Plaintiff. The intentional infliction of emotional distress claim should therefore be dismissed.

### iii.    Plaintiff's False Imprisonment Claim Should Be Dismissed

False imprisonment is "unlawful" detention without judicial process, or without the involvement of a judge at any point. O.C.G.A. § 51–7–20. <u>Ferrell v. Mikula</u>, 295 Ga. App. 326, 329 (2008).  Here, Officer Smith arrested Plaintiff on a valid warrant, so Plaintiff has no colorable claim for false imprisonment.

## D.    <u>Defendants are not Liable for any Claims Brought Pursuant to 42 U.S.C.A. § 1983</u>

Plaintiff has brought a 42 U.S.C.A. § 1983 claim against both Officer Smith and the County for a Fourth Amendment violation resulting from Plaintiff's alleged false arrest. For the reasons set forth below, this claim should be dismissed against both defendants.

### i.   Officer Smith is Entitled to Qualified Immunity

"Section 1983 allows persons to sue individuals acting under the color of state law for violations of federal law." Hill v. Cundiff, 797 F.3d 948, 976 (11th Cir. 2015). "When defending against a § 1983 claim, a government official may assert the defense of qualified immunity." Moore v. Sheriff of Seminole Cty., 748 F. App'x 229, 232 (11th Cir. 2018). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Anderson v. Creighton, 483 U.S 635, 638 (1987). Qualified immunity is an immunity from suit, intended to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir.2002).

An official asserting this defense must show that he "engaged in a discretionary function when he performed the acts of which the plaintiff complains." Brown v. City of Huntsville, Ala., 608 F.3d 724, 733-734 (2010), citing Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). The burden then "shifts to the plaintiff to show that the defendant is *not* entitled to qualified immunity." Id. This requires the plaintiff to show that "(1) the defendant violated a constitutional

right, and (2) this right was clearly established at the time of the alleged violation." Id. The plaintiff's two-part burden need not be "analyzed sequentially; if the law was not clearly established, [the court] need not decide if the Defendants actually violated the Plaintiff's rights." Fils v. City of Aventura, 647 F.3d 1272, 1287 (11th Cir. 2011).

The Court must analyze whether Plaintiff's allegations, if true, establish a constitutional violation. One inquiry in a qualified immunity analysis is whether the plaintiff's allegations, if true, establish a constitutional violation. Hope v. Pelzer, 536 U.S. 730, 736 (2002), citing Saucier v. Katz, 533 U.S. 194, 201 (2001). Plaintiff alleges that L.B. Smith is liable for violating his Fourth Amendment rights by falsely arresting him. The existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest. Brown, supra, citing Case v. Eslinger, 555 F.3d 1317, 1326–27 (11th Cir.2009); Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir.2004); Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir.1996). Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed. Brown, supra, citing Madiwale v. Savaiko, 117 F.3d 1321, 1324 (11th Cir.1997).

13

To receive qualified immunity, an officer need not have actual probable cause, but only "arguable" probable cause. Holmes v. Kucynda, 321 F.3d 1069, 1079 (11th Cir.2003); Montoute v. Carr, 114 F.3d 181, 184 (11th Cir.1997). Arguable probable cause exists where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." Brown, supra; Kingsland, 382 F.3d at 1232; Redd v. City of Enterprise, 140 F.3d 1378, 1382 (11th Cir.1998); Gold v. City of Miami, 121 F.3d 1442, 1445–46 (11th Cir.1997); Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir.1990). Whatever the officers' motivation in making the arrest, the existence of probable cause to arrest defeats any allegation of a constitutional violation. Gates v. Khokhar, 884 F.3d 1290, 1297-98 (11th Cir. 2018).

"Indeed, it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable." Brown, supra; Von Stein, supra. See also Hunter v. Bryant, 502 U.S. 224, 227 (1991) ("Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."); Montoute, 114 F.3d at 184 ("Thus, the qualified immunity standard is broad enough to cover some 'mistaken judgment"). The standard is an

14

objective one and does not include an inquiry into the officer's subjective intent or beliefs. Brown, supra; Rushing v. Parker, 599 F.3d 1263, 1266 (11th Cir.2010).

Significantly, the Eleventh Circuit has recently held that under the "fellow officer rule," L.B. Smith was entitled to rely on the statements made by the Lawrenceville police officers who took the warrant for Plaintiff. Rankin v. Board of Regents of University System of Georgia, 732 Fed. Appx. 779, 782 (11th Cir. 2018). In fact, a showing of arguable probable cause does not require proving every element of a crime. Scarbrough v. Myles, 245 F.3d 1299, 1302–03 (11th Cir.2001). If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply. Skop v. City of Atlanta, 485 F.3d 1130, 1138 (11th Cir. 2007).

If the facts, construed in the light most favorable to the plaintiff, show that a constitutional right has been violated, the Court must also determine whether the right violated was clearly established. Brown, supra; Saucier v. Katz, 533 U.S. 194, 201 (2001). Both elements of this test must be present for an official to lose qualified immunity, and this two-pronged analysis may be done in whatever order is deemed most appropriate for the case. Pearson v. Callahan, 555 U.S. 223 (2009).

15

To establish a violation of clearly established law, a plaintiff must show "the preexisting law was so clear that, given the specific facts facing a particular officer, *one must say that every reasonable official would have understood that what he is doing violates the Constitutional right at issue*." (emphasis supplied). Gates, 884 at 1302. The critical inquiry is "whether the law provided the [officials] with fair warning that their conduct violated the Fourth Amendment." Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011). "Fair warning is most commonly provided by materially similar [binding] precedent from the Supreme Court, [the Eleventh Circuit], or the highest state court in which the case arose." Gates, 884 F.3d at 1296.

If the plaintiff cannot point to a materially similar binding precedent, he can establish fair warning only if the defendant's conduct violated federal law "as a matter of obvious clarity." Id at 1014. See also Gaines v. Wardynski, 871 F.3d 1203, 1208–09 (11th Cir. 2017). This requires the plaintiff to show that (1) "the words of the federal statute or constitutional provision at issue are so clear and the conduct so bad that case law is not needed to establish that the conduct cannot be lawful," or (2) "the case law that does exist is so clear and broad (and not tied to particularized facts) that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official

16

acted." Id.

Here, as the burden has now shifted to Plaintiff, unless he comes forward with a showing that *on August 2, 2019 Officer Smith was on notice that serving a valid arrest warrant signed by a judge, for impersonating a police officer on Plaintiff, would violate Plaintiff's Fourth Amendment rights*, Officer Smith is qualifiedly immune from suit.  Plaintiff will be unable to make this showing, and Officer Smith is entitled to qualified immunity from liability for any alleged violation of Plaintiff's constitutional rights.

### ii.   Plaintiff Cannot Show that an Unconstitutional Gwinnett County Policy, Practice or Custom was the Moving Force Behind Plaintiff's Alleged Injury

"It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable." City of Canton v. Harris, 489 U.S. 378, 385 (1989). To impose § 1983 liability on a county, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. Id at 388.

For the County to incur 42 U.S.C.A. § 1983 liability, not only must Plaintiff prove that Officer Smith violated his Fourth Amendment rights (which, as addressed

17

above, he cannot do), but Plaintiff also must prove that a County policy, practice or custom was the moving force behind the false arrest of Plaintiff.   Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986);  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 692 (1978).   A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, supra.

Entity liability "under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur, supra.

Specifically, the plaintiff must show that the "policy or custom of the city 'subjected' him, or 'caused him to be subjected' to the deprivation of constitutional rights." City of Oklahoma City v. Tuttle, 471 U.S. 808, 828 (1985). Moreover, isolated incidents, however, are insufficient to show a policy. Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir.1986). As Plaintiff cannot show that any Gwinnett County policy was the but-for cause of Plaintiff's alleged

18

injuries, Plaintiff's 42 U.S.C.A. § 1983 claims should be dismissed.

In his Complaint, Plaintiff alleges that the County has a widespread custom and practice of the following: unreasonable seizures during detention of suspects, including the manner and scope of the detention; failing to investigate the facts as known or as should be known to the officers in order to determine if there is probable cause to arrest; arresting suspects without probable cause; detaining suspects without reasonable suspicion; instituting "cover charges" to insulate the County from liability for improper police use of force; and not investigating and disciplining officers who falsely arrest and/or detain individuals. *Complaint*, ¶ 38.

Simply listing off a number of alleged policies, however, is not enough for Plaintiff's § 1983 claim against the County to survive a motion to dismiss. Plaintiff has failed to show any nexus (much less, any causal connection) between a list of alleged policies and the constitutional violation he claims resulted from his arrest. Plaintiff's Fourth Amendment claims against the County should be dismissed.

**E.**   **Neither the Gwinnett County Sheriff's Office Nor the Gwinnett County Police Department Are Legal Entities Capable of Being Sued.**

The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b). The Georgia Supreme Court

has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317 (1988).

The Eleventh Circuit has examined Georgia law and concluded that sheriffs' departments are not considered legal entities subject to suit. Brown v. Newton County Sheriff's Office, 273 F.Supp.3d 1142, 1161 (N.D. Ga. 2017). See Lovelace v. Dekalb Cent. Prob., 144 Fed. Appx. 793, 795 (11th Cir. 2005) (affirming district court's decision to dismiss § 1983 claim against sheriff's department because it cannot be sued under Georgia law). See also Lawal v. Fowler, 196 Fed. Appx. 765, 768 (11th Cir. 2006).

The Eleventh Circuit has also held that police departments are not legal entities subject to suit.  Lovelace, supra; Bunyon v. Burke County, 285 F.Supp.2d 1310, 1328 (S.D.Ga.2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit); Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D.Ga.1984) (concluding that the City of Atlanta police department is not a

proper party defendant because the department is "merely the vehicle through which the City government fulfills its policing functions").

### III.   CONCLUSION

For the reasons set forth above, all of Plaintiff's federal constitutional and Georgia state law claims against the Gwinnett Defendants should be dismissed.

Respectfully submitted this 3rd day of December, 2021.

/s/ Tuwanda Rush Williams
TUWANDA RUSH WILLIAMS
Deputy County Attorney
Georgia Bar No. 619545
tuwanda.williams@gwinnettcounty.com

**PLEASE DESIGNATE AS
LEAD COUNSEL AND SERVE
ALL NOTICES UPON:**

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No.  699920
elizabeth.taylor@gwinnettcounty.com
*Attorneys for Defendant Gwinnett County,
Georgia and Officer L.B. Smith, and
Putative Defendants Gwinnett County
Police Department and Gwinnett County
Sheriff's Office*

21

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BARTON WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL RIGHTS |
| v. | ) | 42 U.S.C. § 1983 |
| | ) | |
| LAWRENCEVILLE POLICE | ) | |
| DEPARTMENT; GWINNETT | ) | CIVIL ACTION NO. |
| COUNTY, GEORGIA; GWINNETT | ) | 1:21-CV-03122-MHC |
| COUNTY POLICE DEPARTMENT; | ) | |
| GWINNETT COUNTY SHERIFF'S | ) | |
| OFFICE; OFFICER GARY | ) | |
| SAMPSON, individually and in his | ) | |
| official capacity; CHIEF TIM | ) | |
| WALLIS, individually and in his | ) | |
| official capacity; and OFFICER LB | ) | |
| SMITH, individually and in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been

prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type

face.

Respectfully submitted this 3rd day of December, 2021.

(Signature on Following Page)

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No.  699920
elizabeth.taylor@gwinnettcounty.com

**_Attorney for Defendant Gwinnett County,
Georgia and Officer L.B. Smith, and
Putative Defendants Gwinnett County
Police Department and Gwinnett County
Sheriff's Office_**

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BARTON WADE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL RIGHTS |
| v. | ) | 42 U.S.C. § 1983 |
| | ) | |
| LAWRENCEVILLE POLICE | ) | |
| DEPARTMENT; GWINNETT | ) | CIVIL ACTION NO. |
| COUNTY, GEORGIA; GWINNETT | ) | 1:21-CV-03122-MHC |
| COUNTY POLICE DEPARTMENT; | ) | |
| GWINNETT COUNTY SHERIFF'S | ) | |
| OFFICE; OFFICER GARY | ) | |
| SAMPSON, individually and in his | ) | |
| official capacity; CHIEF TIM | ) | |
| WALLIS, individually and in his | ) | |
| official capacity; and OFFICER LB | ) | |
| SMITH, individually and in his | ) | |
| official capacity, | ) | |
| | ) | |
|    Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for Plaintiffs with a copy of the foregoing **DEFENDANTS GWINNETT COUNTY, GEORGIA AND OFFICER L.B. SMITH, AND PUTATIVE DEFENDANTS GWINNETT COUNTY POLICE DEPARTMENT AND GWINNETT COUNTY SHERIFF'S OFFICE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

via the Court's CM/ECF System, which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.

Respectfully submitted this 3rd day of December, 2021.

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No.  699920
elizabeth.taylor@gwinnettcounty.com

**Attorney for Defendant Gwinnett County, Georgia and Officer L.B. Smith, and Putative Defendants Gwinnett County Police Department and Gwinnett County Sheriff's Office**

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700