IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARTON WADE<br><br><br><br>Plaintiff<br><br>vs.<br><br>LAWRENCEVILLE POLICE DEPARTMENT; GWINNETT COUNTY, GEORGIA; GWINNETT COUNTY POLICE DEPARTMENT, GWINNETT COUNTY SHERIFF'S OFFICE; OFFICER GARY SAMPSON, individually and in his official capacity; CHIEF TIM WALLIS, individually and in his official capacity; and OFFICER LB SMITH, individually and in his official capacity,<br><br>Defendants. | ) | Civil Action<br>File 1:21-cv-03122-MHC |

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COME NOW defendants Officer Gary Sampson, individually and in his official capacity, and Chief Tim Wallis, individually and in his official capacity, by

and through the undersigned counsel of record, and submit their answer and defenses to plaintiff's complaint, showing the Court as follows:[1]

**FIRST DEFENSE**

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the numbered paragraphs of plaintiff's complaint, these defendants answer as follows:

**ANSWER TO: "INTRODUCTION"**

1.

Defendants deny the allegations in paragraph 1 of plaintiff's complaint to the extent it is directed at them and deny that plaintiff is entitled to any relief in law or equity. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of plaintiff's complaint and put plaintiff upon strict proof of the same.

**ANSWER TO: "JURISDICTION AND PARTIES"**

2.

[1] Plaintiff improperly named "Lawrenceville Police Department" as a defendant given that it is not a suable entity. To the extent plaintiff intended to name the City of Lawrenceville as a defendant, the official capacity suit is a suit against the City.

Defendants deny the allegations in paragraph 2 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of plaintiff's complaint and put plaintiff upon strict proof of the same.

3.

Defendants admit that venue is proper. Defendants deny the remaining allegations in paragraph 3 of plaintiff's complaint to the extent it is directed at them.

4.

Defendants deny the allegations in paragraph 4 of plaintiff's complaint.

**ANSWER TO: "THE PARTIES"**

5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of plaintiff's complaint and put plaintiff upon strict proof of the same.

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of plaintiff's complaint and put plaintiff upon strict proof of the same.

7.

Defendants deny the allegations in paragraph 7 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of plaintiff's complaint and put plaintiff upon strict proof of the same.

8.

Defendants admit that Officer Sampson was employed by the City of Lawrenceville and was acting under color of state law at the time of the subject incident. Defendants deny the remaining allegations in paragraph 8 of plaintiff's complaint and deny that plaintiff is entitled to any relief in law or equity.

9.

Defendants admit that Chief Wallis was employed by the City of Lawrenceville and was acting under color of state law at the time of the subject incident. Defendants deny the remaining allegations in paragraph 9 of plaintiff's complaint and deny that plaintiff is entitled to any relief in law or equity.

10.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of plaintiff's complaint and put plaintiff upon strict proof of the same.

**ANSWER TO: "FACTS GIVING RISE TO PLAINTIFF'S CLAIMS"**

11.

Defendants deny the allegations in paragraph 11 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of plaintiff's complaint and put plaintiff upon strict proof of the same.

12.

Defendants admit that plaintiff represented to Officer Sampson and Chief Wallis that he was soliciting customers on Publix property and represented that he was he was a federal police officer with the Department of Veterans Affairs.

Defendants deny the remaining allegations of paragraph 12 of plaintiff's complaint.

13.

Defendants deny the allegations in paragraph 13 of plaintiff's complaint.

14.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of plaintiff's complaint and put plaintiff upon strict proof of the same.

15.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of plaintiff's complaint and put plaintiff upon strict proof of the same.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of plaintiff's complaint and put plaintiff upon strict proof of the same.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of plaintiff's complaint and put plaintiff upon strict proof of the same.

18.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of plaintiff's complaint and put plaintiff upon strict proof of the same.

19.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of plaintiff's complaint and put plaintiff upon strict proof of the same.

20.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of plaintiff's complaint and put plaintiff upon strict proof of the same.

21.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of plaintiff's complaint and put plaintiff upon strict proof of the same.

22.

Defendants deny the allegations in paragraph 22 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of plaintiff's complaint and put plaintiff upon strict proof of the same.

23.

Defendants deny the allegations in paragraph 23 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of plaintiff's complaint and put plaintiff upon strict proof of the same.

24.

Defendants deny the allegations in paragraph 24 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of plaintiff's complaint and put plaintiff upon strict proof of the same.

25.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of plaintiff's complaint and put plaintiff upon strict proof of the same.

26.

Defendants deny the allegations in paragraph 26 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of plaintiff's complaint and put plaintiff upon strict proof of the same.

27.

Defendants deny the allegations in paragraph 27 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of plaintiff's complaint and put plaintiff upon strict proof of the same.

**ANSWER TO: "COUNT 1: FOURTH AMENDMENT 42 U.S.C. § 1983 (FALSE ARREST) DEFENDANT WALLIS, SAMPSON, AND SMITH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES"**

28.

Defendants reallege and reincorporate their responses to paragraphs 1 through 27 as if fully set forth herein.

29.

Defendants deny the allegations in paragraph 29 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of plaintiff's complaint and put plaintiff upon strict proof of the same.

30.

Defendants deny the allegations, including subparts, in paragraph 30 of plaintiff's complaint to the extent it is directed at them. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of plaintiff's complaint and put plaintiff upon strict proof of the same.

31.

Defendants deny the allegations in paragraph 31 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of plaintiff's complaint and put plaintiff upon strict proof of the same.

32.

Defendants deny the allegations in paragraph 32 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of plaintiff's complaint and put plaintiff upon strict proof of the same.

33.

Defendants deny the allegations in paragraph 33 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of plaintiff's complaint and put plaintiff upon strict proof of the same.

**ANSWER TO: "COUNT II: VIOLATION OF 42 U.S.C. 1983 (GWINNETT COUNTY POLICY 'MOVING FORCE' FOR CONSTITUTIONAL DEPRIVATIONS)"**

34.

Defendants reallege and reincorporate their responses to paragraphs 1 through 33 as if fully set forth herein.

35.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of plaintiff's complaint and put plaintiff upon strict proof of the same.

36.

Defendants deny the allegations in paragraph 36 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of plaintiff's complaint and put plaintiff upon strict proof of the same.

37.

Defendants deny the allegations in paragraph 37 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of plaintiff's complaint and put plaintiff upon strict proof of the same.

38.

Defendants deny the allegations, including subparts, in paragraph 38 of plaintiff's complaint to the extent it is directed at them. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of plaintiff's complaint and put plaintiff upon strict proof of the same.

39.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of plaintiff's complaint and put plaintiff upon strict proof of the same.

40.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of plaintiff's complaint and put plaintiff upon strict proof of the same.

41.

Defendants deny the allegations in paragraph 41 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of plaintiff's complaint and put plaintiff upon strict proof of the same.

42.

Defendants deny the allegations in paragraph 42 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of plaintiff's complaint and put plaintiff upon strict proof of the same.

**ANSWER TO: "COUNT III: MALICIOUS PROSECUTION (WALLIS, SAMPSON, AND SMITH IN THEIR OFFICIAL CAPACITIES)"**

43.

Defendants reallege and reincorporate their responses to paragraphs 1 through 42 as if fully set forth herein.

44.

Defendants admit the allegations in paragraph 44 of plaintiff's complaint to the extent it is directed at them, except they were employed the City of Lawrenceville. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of plaintiff's complaint and put plaintiff upon strict proof of the same.

45.

Defendants deny the allegations in paragraph 45 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of plaintiff's complaint and put plaintiff upon strict proof of the same.

46.

Defendants deny the allegations in paragraph 46 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of plaintiff's complaint and put plaintiff upon strict proof of the same.

47.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of plaintiff's complaint and put plaintiff upon strict proof of the same.

48.

Defendants deny the allegations in paragraph 48 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of plaintiff's complaint and put plaintiff upon strict proof of the same.

49.

Defendants deny the allegations in paragraph 49 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of plaintiff's complaint and put plaintiff upon strict proof of the same.

50.

Defendants deny the allegations in paragraph 50 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of plaintiff's complaint and put plaintiff upon strict proof of the same.

51.

Defendants deny the allegations in paragraph 51 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of plaintiff's complaint and put plaintiff upon strict proof of the same.

52.

Defendants deny the allegations in paragraph 52 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of plaintiff's complaint and put plaintiff upon strict proof of the same.

53.

Defendants deny the allegations in paragraph 53 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of plaintiff's complaint and put plaintiff upon strict proof of the same.

54.

Defendants deny the allegations in paragraph 54 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of plaintiff's complaint and put plaintiff upon strict proof of the same.

**ANSWER TO: "COUNT IV: INENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANTS WALLIS, SAMPSON, AND SMITH IN THEIR OFFICIAL CAPACITIES)"**

55.

Defendants reallege and reincorporate their responses to paragraphs 1 through 55 as if fully set forth herein.

56.

Defendants deny the allegations in paragraph 56 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of plaintiff's complaint and put plaintiff upon strict proof of the same.

57.

Defendants deny the allegations in paragraph 57 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of plaintiff's complaint and put plaintiff upon strict proof of the same.

58.

Defendants deny the allegations in paragraph 58 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of plaintiff's complaint and put plaintiff upon strict proof of the same.

59.

Defendants deny the allegations in paragraph 59 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of plaintiff's complaint and put plaintiff upon strict proof of the same.

**ANSWER TO: "COUNT V: FALSE IMPRISONMENT (DEFENDANTS WALLIS, SAMPSON, AND SMITH IN THEIR OFFICIAL CAPACITIES)"**

60.

Defendants reallege and reincorporate their responses to paragraphs 1 through 59 as if fully set forth herein.

61.

Defendants deny the allegations in paragraph 61 of plaintiff's complaint to the extent it is directed at them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of plaintiff's complaint and put plaintiff upon strict proof of the same.

62.

In response to the "WHEREFORE" paragraph immediately following paragraph 61 of the complaint, including subparagraphs "(a)" through "(g)"

thereof, defendants deny that they are liable to plaintiff and deny that plaintiff is entitled to any relief from them under any theory at law or in equity.

63.

Except as expressly admitted, denied, or otherwise responded to, defendants deny all allegations in plaintiff's complaint.

**THIRD DEFENSE**

Defendants show that plaintiff was not deprived of any constitutionally protected life, liberty, or property interest without due process of law, nor did defendants violate the rights of plaintiff under any provisions of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

**FOURTH DEFENSE**

Defendants did not breach any duty they may have owed plaintiff based upon the allegations in the complaint.

**FIFTH DEFENSE**

Plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff or others and not from any conduct of defendants or those over whom defendants had any control.

**SIXTH DEFENSE**

Plaintiff's damages, if any, were caused by the independent acts and decisions of persons and entities other than defendants or those over whom defendants had some legal right of control.

**SEVENTH DEFENSE**

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were caused by the deliberate, criminal conduct of plaintiff, and such criminal conduct supersedes any and all negligence or liability, if any, on the part of defendants.

**EIGHTH DEFENSE**

To the extent as may be shown by the evidence through discovery, defendants assert the affirmative defenses of assumption of risk, contributory negligence, estoppel, failure to mitigate damages, fraud, illegality, laches, release, res judicata, statute of limitations, and waiver.

**NINTH DEFENSE**

The alleged conduct of defendants, sued in their individual capacity, was discretionary in nature, and did not violate any clearly established constitutional right of which every reasonable officer would have had fair notice, and was likewise objectively reasonable, thereby entitling them to qualified immunity.

**TENTH DEFENSE**

Defendants show that all of their alleged actions or inactions with respect to plaintiff were carried out in the performance of their official, discretionary duties and without actual malice or actual intent to cause injury to plaintiff. Accordingly, defendants are entitled to official immunity under Georgia law.

**ELEVENTH DEFENSE**

To the extent plaintiff has attempted to assert state-law claims against defendants in their official capacity, defendants assert the defense of sovereign immunity to the fullest extent allowed by law.

**TWELFTH DEFENSE**

To the extent plaintiff has attempted to assert state-law claims against defendants in their official capacity and to the extent as may be shown through the evidence in discovery, such claims are barred by plaintiff's failure to give timely and adequate notice of her claims.

**THIRTEENTH DEFENSE**

Defendants, in their official capacity, are immune from punitive damages under federal and state law. Newport v. Fact Concerts, 453 U.S. 247, 271 (1981); City of Columbus v. Myszka, 246 Ga. 571, 573, 272 S.E.2d 302 (1980).

**FOURTEENTH DEFENSE**

The imposition of punitive damages against defendant would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

**FIFTEENTH DEFENSE**

Defendants in their official capacity are immune from suit under the Eleventh Amendment.

**SIXTEENTH DEFENSE**

Defendants in their official capacity are entitled to the defense of sovereign immunity.

**SEVENTEENTH DEFENSE**

The Lawrenceville Police Department is not an entity capable of being sued.

**EIGHTEENTH DEFENSE**

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of his investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, defendants pray as follows:

(a) That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b) That the costs of this action, including attorney fees, be cast against plaintiff; and

(c) That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

*/s/ Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com

*/s/ Steven L. Grunberg*
Steven L. Grunberg
Georgia Bar No. 146397
sgrunberg@fmglaw.com

*Counsel For Defendants Lawrenceville Police Department, Officer Gary Sampson, and Chief Tim Wallis*

Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record is:

Taylor L. Leftwich
Leftwich Law, LLC
3042 Matlock
Kennesaw, GA 30144
470-775-2937
Taylor@LeftwichLegal.com

Elizabeth B. Taylor
Gwinnett County District Attorney's Office
75 Langley Drive
Lawrenceville, GA 30046-6935
770-822-8700
elizabeth.taylor@gwinnettcounty.com

This 28th day of December, 2021.

*/s/ Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Counsel For Defendants
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000